# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0002 |
| ) | |
| **LEQUAN JAHEEM PEMBERTON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the motion of Lequan Jaheem Pemberton ("Pemberton") to allow Pemberton to appear via videoconference at his sentencing hearing. (ECF No. 27.)

On January 14, 2021, the United States filed an Information charging Pemberton with one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Thereafter, on March 11, 2021, Pemberton pled guilty to the one count in the Information before the Magistrate Judge. Pemberton's sentencing hearing is currently set for July 15, 2021.

On July 8, 2021, Pemberton filed a motion requesting that the Court enter an order authorizing Pemberton to attend the sentencing hearing in this matter by video conference in light of the fact that Pemberton tested positive for COVID-19 on July 8, 2021. Pemberton represents in his motion that the United States does not object to his request to attend the sentencing hearing in this matter by video conference.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, Pub. L. No. 116-136, § 15002(b)(2) ("[I]f the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President . . . with respect to the

[COVID-19] will materially affect the functioning of [] the Federal courts generally . . ., the chief judge of a district court covered by the finding . . . specifically finds . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the . . . sentencing in that case may be conducted by video teleconference."); *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel.").

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, July 8, 2020, October 6, 2020, January 4, 2021, April 4, 2021, and July 3, 2021, the Chief Judge of the District Court of the Virgin Islands entered the Third, Eighth, Twelfth, Sixteenth, Twentieth, and Twenty-Fourth Orders responding to the COVID-19 pandemic. In those order, the Chief Judge found that felony sentencing under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety.

Given these findings, Pemberton requests that the Court make a finding that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. Pemberton argues that because his Sentencing Guidelines range is 0 to 6 months[1] and the parties are each recommending a sentence of time served, any further delay to the sentencing hearing in this matter would result in serious harm to the interests of justice.

Since the enactment of the CARES Act, most district courts have found that serious harm to the interests of justice exists when delay risks harm to a defendant's due process

---

[1] The Court makes no conclusion here as to the applicable guideline range in this matter.

rights by, for example, forcing defendant to serve greater time in custody than the guideline range would recommend for his offense. *Cf. United States v. Short*, No. 3:15-CR-0174, 2020 U.S. Dist. LEXIS 72509 (D. Conn. Apr. 24, 2020); *United States v. Collazo*, No. 2:19-00120, 2020 U.S. Dist. LEXIS 67949 (S.D.W.V. Apr. 17, 2020); *United States v. Emory*, No. 19-00109 JAO, 2020 U.S. Dist. LEXIS 66148 (D. Haw. Apr. 13, 2020); *United States v. Jones*, No. 19-225, 2020 U.S. Dist. LEXIS 58149 (D. Minn. Apr. 2, 2020); *United States v. Harry*, No. 19-cr-535, 2020 U.S. Dist. LEXIS 56323 (E.D.N.Y. Mar. 31, 2020).

Here, a delay in the sentencing hearing would result in Pemberton remaining subject to supervision pending sentencing while simultaneously delaying the execution of Pemberton's ultimate sentence.[2] Such a delay would prejudice Pemberton. Consequently, the Court concludes that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice.

The premises considered, it is hereby

**ORDERED** that Pemberton's motion, ECF No. 27, to allow Pemberton to appear via videoconference at his sentencing hearing is **GRANTED**. The Court will provide Pemberton with connection information in advance of the sentencing hearing.

**Dated:** July 8, 2021    /s/ *Robert A. Molloy*
                          **Robert A. Molloy**
                          **Chief Judge**

---

[2] Pemberton has been subject to supervision pursuant to the Court's December 22, 2020 Order setting conditions of release since December 22, 2020. (ECF No. 3.)